The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 217 West Conway P.O. Box 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to Deputy Prosecuting Attorney Richard Garrett's request for an opinion on several questions concerning the Hot Spring County Solid Waste Authority. Mr. Garrett notes that the Authority has incurred indebtedness with the FMHA and the Bank of Malvern. Mr. Garrett also notes that an ordinance was passed by the Hot Spring County Quorum Court authorizing an election for a one cent sales tax to support the Solid Waste Authority. The electors passed the measure at a special election. Additionally noted is the fact that the municipalities of Malvern, Perla, and Rockport are not members of the Solid Waste Authority, and can "basically use the money from the sales tax as they see fit." Seven questions are posed, and they will be answered below in sequential order.
The first question is as follows:
 The Quorum Court would now like to dissolve the Solid Waste Authority. Is the proper procedure to do this simply by ordinance with a copy to the Secretary of State or is some other vehicle necessary?
We understand that the Authority was created pursuant to the authority granted in A.C.A. § 14-233-101 et seq. That subchapter provides, as to dissolution, as follows:
 (a) Whenever the member municipalities and counties shall by ordinance determine that the purposes for which the sanitation authority was formed have been substantially fulfilled and that all bonds issued and all other obligations incurred by the authority have been fully paid or satisfied, the member municipalities and counties may by ordinance declare the authority to be dissolved.
This provision requires that the member cities and counties each pass an ordinance to declare the Authority dissolved. As can be seen from the statute, however, in order to dissolve the Authority, all bonds issued and all other obligations issued must be fully paid or satisfied. It appears that because the Hot Spring County Solid Waste Authority has outstanding indebtedness, it may not be dissolved pursuant to this statute.
We realize that this conclusion may render some of your remaining questions moot, but will address them in an effort to give you a clear picture of the law surrounding this issue.
The second question posed is as follows:
 The Solid Waste Authority has already acquired indebtedness. Will there be any problem with the County taking over the debt and does the existing debt have to be assumed as a bonded indebtedness. If so, how long do you have to pass the bond issue after the solid waste authority is dissolved?
The answer to the first part of this question is "yes," there will be a problem with the county taking over the debt of the Authority. First, as noted above, the Authority can not be dissolved while it has indebtedness outstanding. Second, we assume that the indebtedness bears interest, and if the county were to take over this debt, Art. 16, § 1 of the Arkansas Constitution would be violated. That provision prohibits counties from issuing any interest bearing evidences of indebtedness.
Your third question is as follows:
 There is at least one city, (Donaldson and perhaps Friendship) who is a member of the present Solid Waste Authority while the other cities in the county are not. What effect will the dissolution by the county have on the Solid Waste Authority if these cities do not dissolve the Authority?
We understand your question as asking whether these member cities have a vote in determining whether the Authority is dissolved. The answer, in my opinion, is "yes." Section 14-233-121, cited previously, appears to require that all member municipalities and counties pass ordinances to dissolve the Authority. Thus, if these member municipalities do not agree to the dissolution, and pass ordinances to this effect, the Authority may not be dissolved.
Your fourth question is as follows:
 If the County is successful and does in fact take over the Solid Waste Authority, can they exclude the cities who refuse to pay their pro rata share of the sales tax receipts to the county for solid waste management from participation in whatever plan is developed by the county for the disposal of solid waste?
First, the county, in my opinion, cannot "take over" the Solid Waste Authority. The member cities and counties can dissolve it, under certain circumstances. (Again, it is my opinion that these circumstances are not present here.) If the authority were dissolved, and the county wished to pursue another plan for solid waste disposal in the county, it must do so under statutory authority. It can either create another joint solid waste entity under A.C.A. § 14-233-101 et seq., or it may utilize the provisions of A.C.A. § 8-6-201 et seq. This subchapter authorizes counties to provide a solid waste management system, and by agreement or contractual arrangement, to provide this service to municipalities. A.C.A. § 8-6-212(a)(2). If these municipalities do not wish to enter into such contractual arrangement with the county, they have authority to provide their own solid waste management system. A.C.A. § 8-6-211. They, as well, have authority to enter into agreements with counties and other municipalities for the providing of these services.
All of these Code sections provide for the agreement of counties and cities in connection with solid waste systems. The county does not have to agree with any one, however, and may provide the service entirely on its own. A.C.A. § 8-6-212(a)(1). If the Hot Spring County Solid Waste Authority were legally dissolved, the county could start from scratch, and agree with any cities it wishes to, to provide this service. The point is, there will have to be new agreements covering all of the facets of the new system, if the municipalites are involved. Whether certain municipalities are included or excluded, and the extent of their contribution to the system, will depend upon these agreements.
Your fifth question is as follows:
 Can the County demand that all cities in the county participate in the solid waste management plan that the County develops?
As stated above in response to question 4, "no."
Your sixth question is as follows:
 Can the cities then become part of the solid waste disposal plan without paying their proceeds from the one cent sales tax and/or their fair share of the expenditures of the system?
Whether the cities become a part of the new system will be governed by agreement, as will their contribution to the system.
Your seventh question is as follows:
 What effect, if any, will the dissolution of the Solid Waste Authority have on the ordinance passing the sales tax, if any?
Both the title of the ordinance and the official ballot at the special election provide that the tax is to be used for the "cost of operation and maintenance of the Hot Spring County Solid Waste Authority (SWA); [and] to pay SWA's current indebtedness to Farmers Home Administration and Bank of Malvern of Malvern, Arkansas. . . ." Even if the Solid Waste Authority were dissolved, (which, in my opinion, it may not be at this time), these tax dollars can only be used for the purposes authorized by the electorate. Arkansas Constitution, Art. 16, § 11 provides that ". . . no monies arising from a tax levied for one purpose shall be used for any other purpose." Additionally, A.C.A. §26-74-208 (c) provides that "[t]he ballot may also indicate designated uses of the revenues derived from the sales tax and, if the tax is approved, the proceeds shall only be used for the designated purposes."
In response to your question, therefore, the sales tax, as enacted by the ordinance and approved by the electorate, would remain in place even if the authority is dissolved; but the tax monies raised may only be used for the purposes for which they were levied.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb